IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| NEAL SHANNON LONG, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:17cv00145 |
| | ) | |
| v. | ) | |
| | ) | |
| SOUTHWEST VIRGINIA | ) | By: Elizabeth K. Dillon |
| REGIONAL JAIL, | ) | United States District Judge |
|     Defendant. | ) | |

**MEMORANDUM OPINION**

Neal Shannon Long, proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, naming the "Southwest Virginia Regional Jail" as the only defendant. By order entered June 2, 2017, the court advised Long that his complaint failed to state a claim under § 1983 against the jail because "[a] jail is not a person," and gave Long the opportunity to amend his complaint to correct the deficiency. The court warned Long that failure to amend the complaint within the allotted time would result in dismissal of the complaint. Long did not respond to the court's order. Accordingly, the court will dismiss this action without prejudice for failure to comply with the court's order.

Furthermore, Long's complaint fails to state a cognizable constitutional claim against he named defendant. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Because a jail is not a legal entity, it is not a "person" subject to suit under § 1983, and Long cannot maintain this action against the defendant jail. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) (a jail "is not an

individual, a corporation, a partnership, or an unincorporated association.  Therefore, it lacks the capacity to be sued as a jail.").

The court notes that the Southwest Virginia Regional Jail Authority ("Jail Authority") operates the Abingdon Facility referenced in Long's complaint.  Even if the court were to construe Long's claims as against the Jail Authority, his claims nevertheless fail.  "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978).  Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation.  *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981).  That is, the entity's official policy or custom must have played a part in the alleged violation of federal law.  *Oklahoma City v. Tuttle*, 471 U.S. 808, 817-18 (1985).  Although a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In this case, Long does not allege that any official policy or custom of the Jail Authority was responsible for the violations or injuries he allegedly suffered, and therefore, Long has failed to state a claim against the Jail Authority.

Further, even if Long had named an actual person to this action, his allegations as stated in his complaint are far too vague, conclusory, and unsupported by any specific facts to state a cognizable federal claim.  Long alleges that he was "gang raped in [an] open dorm . . . in front of

60 inmates [and] state police will not investigate [the] crime." Long does not allege that any jail official perpetrated the alleged rape or failed to intervene to stop the alleged rape, and he does not allege that the state police have violated any federal constitutional right by failing to investigate. Long also alleges that he was held in a booking cell "24[/]7 for half a year as admin[istrative] seg[regation] . . . ." However, Long does not allege any facts showing that his placement in administrative segregation was improper or unlawful in any way. Finally, Long alleges that he "was set in [a] pod and beat half to death" causing him to suffer "7 major fractures to [his] face and skull" for which he "need[s] more surger[ies]." Long does not allege that prison officials "beat" him, could have intervened to stop the beating, but failed to do so, or denied him medical treatment. Despite being given the opportunity to amend his complaint, Long provides insufficient facts concerning his claims. Accordingly, the court finds that Long's complaint, as it currently exists, is insufficient to state a cognizable federal claim against anyone.

The court notes that nothing in this opinion precludes Long from bringing a more detailed action against any individuals who may have violated his rights, assuming he has exhausted his remedies in accordance with 42 U.S.C. § 1997e.

An appropriate order will be entered.

Entered: July 10, 2017.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge